# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LILLIE ALEXANDER,

    Plaintiff,

v.                                             Case No: 8:25-cv-307-CEH-LSG

TARGET CORPORATION,

    Defendant.

_____

## **ORDER**

This premises liability matter comes before the Court on Plaintiff Lillie Alexander's Motion to Remand (Doc. 17) and Motion to Request Hearing on Plaintiff's Motion to Remand (Doc. 23). In its Motion to Remand, Plaintiff contends that this case should be remanded to the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida because Defendant Target Corporation fails to establish that the amount in controversy exceeds $75,000. Plaintiff also seeks an award of costs and fees incurred because of the removal. Defendant filed a response in opposition (Doc. 19), arguing that Plaintiff's outstanding medical bills alone exceed $75,000 and that the motion should be denied. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion to Remand and Motion to Request Hearing on Plaintiff's Motion to Remand.

I. **BACKGROUND**

On January 10, 2025, Plaintiff Lillie Alexander commenced this action against Defendant in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, by filing a single-count complaint. Doc. 5. This case arises from an alleged injury Plaintiff sustained on July 1, 2023. *Id.* ¶¶ 5-7. Plaintiff claims that while checking out at a Target store, she struck her elbow on a fixture in the check-out lane. *Id.* ¶ 6. And that she was injured as a result of striking her elbow on this fixture and suffers from "pain and suffering, disability, scarring and disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, loss of earnings, loss of ability to earn money, and expenses for and related to medical care and treatment." *Id.* ¶ 10. Plaintiff claims these losses are either permanent or continuing in nature such that she will continue to suffer future losses. *Id.* In her Complaint, Plaintiff states her damages exceed $50,000. *Id.* ¶ 1. Plaintiff initially provided Defendant with a demand of $50,000 on May 1, 2024, which was supported by $2,992 in past medical expenses attributed to the incident. *Id.* at 6–7.

Defendant Target Corporation removed the action to this Court on February 7, 2025, alleging that jurisdiction is proper under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. Doc. 1. ¶¶ 5-6. In support of the jurisdictional amount in controversy, Defendant submitted Plaintiff's medical billing records and a January 13, 2025, letter from Plaintiff's counsel detailing past medical expenses totaling $142,618.86. Doc. 1-1; Doc. 19-1.

Plaintiff subsequently moved to remand, arguing that the amount in controversy was not met because "Defendant failed to include that the only monetary demand made by Plaintiff was in [her] 5/1/2024 correspondence for $50,000.00. This demand amount was made intentionally in consideration of comparative liability and reductions to medical bills paid or to be paid by collateral sources." Doc. 17 at ¶ 3. Plaintiff argues that because Courts sometimes find that a settlement demand exceeding $75,000 meets the threshold for establishing amount in controversy, "[l]ogically the same must be true of a settlement demand below the amount in controversy." *Id.* at ¶¶ 6-7; Doc. 17-1; Doc. 19-1.

## II. LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction" and "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-410 (11th Cir. 1999).

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." "A removing defendant bears the burden of proving proper federal

jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).

"[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

While the Court may not speculate or guess as to the amount in controversy, it may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and it may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Kilmer v. Stryker Corp.*, No. 5:14-CV-456, 2014 WL 5454385, at *2 (M.D. Fla. Oct. 27, 2014) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). The court may consider other evidence, including documented medical bills and specific diagnoses, in determining if a Defendant has plausibly alleged the amount in controversy. *Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15-CV-403, 2015 WL 5008863 at *(M.D. Fla. Aug. 20, 2015).

## II.   DISCUSSION

Plaintiff asserts that because evidence of a settlement demand *may* constitute evidence that the jurisdictional requirement has been met, the inverse must be true as well—when a settlement demand has been made below the threshold. Doc. 17 ¶¶ 6-7 (citing *Wrubel v. Safeco Ins. Co. of Ill.*, 266 F. Supp. 3d 1372, 1374 (S.D. Fla. 2017)). Specifically, Plaintiff highlights that the initial demand provided to Defendant was less than $75,000. *Id.* ¶ 7.

In their Notice of Removal, Defendant attaches correspondence from Plaintiff's counsel indicating the total past-due amount was $142,618.86. Doc. 1-1. In their Response in Opposition to Plaintiff's Motion to Remand, Defendant attaches medical billing records supporting this amount. Notably, the demand letter and medical billing records reflect dates *after* the initial demand, establishing $2,992 in past-due medical expenses. *Id.*; Doc. 19-1. In contrast, no documents were attached to the initial demand letter to support the $2,992 amount. Doc. 5 at 4-7.

"Settlement offers commonly reflect puffing and posturing,' especially where they lack 'specific information to support the plaintiff's claim for damages.'" *Seoanes v. Capital One Bank (USA) N.A.*, No. 6:13-cv-1568, 2013 WL 6283651, at *2 (M.D. Fla. Dec. 4, 2013) (quoting *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010)). As such, the amount of a prior settlement demand is not entirely determinative of the amount in controversy.

Plaintiff argues in her Amended Motion to Remand that the initial settlement demand of $50,000 was "intentionally made in consideration for comparative liability and reductions to medical bills paid or to be paid by collateral sources." Doc. 17 ¶ 3. However, the Court must determine questions of subject matter jurisdiction, including the sufficiency of the amount in controversy, at the time of removal. *Pretka v. Kolter City Plaza III, Inc.,* 608 F. 3d 744, 751 (11th Cir. 2010). Subsequent anticipated reductions of bills, or set-offs, are "irrelevant at the jurisdictional stage." *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281 at *2 (S.D. Fla. Oct. 22, 2010). As such, the Court need not consider any potential reductions or payment by collateral sources when analyzing whether Defendant has provided sufficient evidence to demonstrate an amount in controversy exceeding the jurisdictional threshold.

This case is analogous to the situation presented in *Russell v. Target Corp.*, No. 2:14-CV-377, 2014 WL 3908171, at *1 (M.D. Fla. Aug. 11, 2014). In *Russell*, the defendant removed the action based on an amount in controversy exceeding $75,000. *Id.* at *1. The plaintiff asserted that Defendant failed to successfully show by a preponderance of the evidence that the amount exceeded the jurisdictional threshold as it relied on a pre-suit demand letter. *Id.* However, the court ultimately rejected the plaintiff's argument. *Id.* at *2. The court found that the defendant had met the jurisdictional threshold by showing that there was a prior demand from the plaintiff exceeding $245,000 and $64,397.36 in past due medical bills. *Id.* at *1. Here, although the initial Demand from Plaintiff is less than $75,000, Plaintiff alleges ongoing and

future medical damages and currently has outstanding medical bills exceeding $140,000. Doc. 1 at ¶ 8.

Applying the Court's experience, upon consideration of the outstanding medical bills, and correspondence from Plaintiff's counsel, Defendant has clearly shown by a preponderance of the evidence that the damages exceed the $75,000 threshold. Defendant has proffered documentary evidence to demonstrate that the amount in controversy has been satisfied.

An order remanding a case may require the payment of just costs and fees, including attorney's fees. 28 U.S.C.A. § 1447(c). However, because there is no remand due in this case, Plaintiff's request for attorney's fees and cost is also denied.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand and for Attorney's Fees and Costs (Doc. 17) is **DENIED** as set forth herein.

2. Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c) is **DENIED**.

3. Plaintiff's Motion to Request Hearing on Plaintiff's Motion to Remand (Doc. 23) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on May 23, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any